10

Mark A. Wolff (CA State Bar No. 175570)
Wolff & Wolff
8861 Williamson Dr., Suite 30
Elk Grove, CA 95624
(916) 714-5050
E-Mail: attorneys@wolffandwolff.com

Attorney for Defendant Jaspal Deol

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re: | |
| Jaspal Deol | BK Case No: 2018-23885-C-11 |
| | AP Case No: |
| Debtor(s) | DC No: |
| | Date: |
| | Time: |
| Prabhaker Goel, Goel Family Ventures LLP and Econergy, Inc | Place: 501 I Street, 6th Floor |
| | Sacramento, CA 95814 |
| Plaintiff(s) | Courtroom: |
| v. | Judge: Christopher Klein |
| Jaspal Deol | |
| Defendant(s) | |

**ADVERSARY COMPLAINT FOR DECLARATORY RELIEF, OBJECTION TO CLAIM, AND VIOLATION OF THE AUTOMATIC STAY**

Plaintiff, Jaspal Deol, Debtor in Possession, by and through his attorney Mark A. Wolff of Wolff & Wolff, hereby brings this Complaint for Declaratory Relief and Objection To Claim to obtain a determination from the Court as to whether the "Ludhiana property" (as defined herein) and Jaspal Deol's 51% stock interest in Econergy are property of the bankruptcy estate. Determination of the issue of is necessary to establish the rights and obligations of the parties,

1

Debtor in Possession, Jaspal Deol, and Creditors Prabhaker Goel, Goel Family Ventures, and Econergy. In support thereof Jaspal Deol alleges as follows:

1. The U.S. Bankruptcy Court has Jurisdiction over this instant adversary proceeding through 28 U.S.C. §§ 157, 1334, 1335, and 1397. This proceeding arises in and relates to the Chapter 11 bankruptcy case of Jaspal Deol (Plaintiff and Debtor), case number 2018-23885-C-11.

2. This is a core proceeding within the meaning of 28 U.S.C. §157(A), (E), (G), (N), and (O).

3. The Court has subject matter jurisdiction over the matters raised in this Adversary Complaint and the parties consent to this matter being heard and decided by the U.S. Bankruptcy Court.

4. On or about the 27th Day of November 2011 Econergy, Inc (A California Corporation), Plaintiff (Jaspal Deol) and Dr. Prabhaker Goel entered into a "Loan Agreement", a copy of which is attached hereto as Exhibit A.

5. Pursuant to the terms of the Loan Agreement, Defendant Dr. Prabhaker Goel, who resides at 98 Ridgeview Drive, Atherton CA 94027, is the Lender. Dr. Prabhaker Goel is also the Managing Partner of Goel Family Ventures I LP which has a 49% shareholder interest in Econergy, Inc, the borrowing Company.

6. Pursuant to the terms of the Loan Agreement, Econergy was the Borrower in the Loan Agreement.

7. Pursuant to the terms of the Loan Agreement, Defendant Jaspal Deol is the guarantor of the loan agreement. Jaspal Deol resides at 2712 Hinton Circle, Elk Grove CA, 95758.

8. At the time the parties entered into the Loan Agreement, Jaspal Deol had a 51% shareholder interest in Econergy, Inc, the borrowing company.

9. At the time the parties entered into the Loan Agreement, Jaspal Deol was the owner of the "Ludhiana property" upon which Econergy Inc was to set up operation of a solar farm.

The "Ludhiana property" is identified as agricultural land measuring 10 acres 1 Kanal 9 Marla according to Jamabandi for period 2004 - 2005, bearing Khata No 1306/1433 Rect. No 67 Killa No. 20/2(1-11_, 21(8-0) Rect No 68 Kila No. 23(8-0), 24(8-0), 25(8-0) Rect No 74 Killa No 3(8-0), 4(8-0), 7(8-0), 8(8-0), 13(8-0), 14(8-0) situated in the Village Boparai Kalan, Tehsil Jagraon, Distt. Ludhiana.

10. Deol pledged his 51% interest in Econergy, inc and the "Ludhiana property" as collateral to secure his guarantee of Goel's loan to Econergy, Inc.

11. Econergy defaulted under the terms of the Loan Agreement.

12. Goel commenced arbitration proceedings against Econergy, Inc and Deol as Guarantor, alleging breach of contract and breach of loan agreement demanding payment due under the loan agreement.

13. The Arbitrator determined amount owed under the loan agreement to be $690,716.00. See Exhibit I

14. The Arbitrator determined the amount of Deol liability under the guarantee to be $352,308.59. See exhibit I and Exhibit F.

15. The Arbitrator determined value of Deol's 51% interest in Econergy to be $634,600.00. See Further Partial Final Award Determining Value of Jaspal Deol's Interest in econergy Inc and Value of Ludhiana Land dated February 20, 2018. (Exhibit B)

16. Arbitrator determined value of "Ludhiana Property" to be $342,000.00. See Further Partial Final Award Determining Value of Jaspal Deol's Interest in econergy Inc and Value of Ludhiana Land dated February 20, 2018. (Exhibit B)

17. Arbitrator removed Deol as director of Econergy.

18. Deol's removal as Director and authorized representative of Econergy may have been confirmed by superior Court through Econergy, Goel and GFV's Complaint for Injunctive Relief, bearing case number 17CV314877, and related orders. Through Plaintiff's complaint for injunctive relief, Econergy, Goel and GFV sought to prevent Mr.

      Deol from acting on behalf of Econergy. See Exhibit C.

19. The Complaint for injunctive relief resulted in two orders, a temporary restraining order and a final September 11, 2017 Order. See temporary Restraining Order (Exhibit D and September 11, 2017 Order (Exhibit E)

20. Neither the TRO, Nor the September 11, 2017 Order confirmed the monetary awards or authorize the enforcement of monetary awards contained in the Arbitrators various awards in the arbitration proceedings.

21. The September 11, 2017 Order does not restrain prosecution of legal proceedings for the purpose of obtaining a reconsideration of the arbitration award, opposing the entry of judgment thereon, or appealing the judgment therefrom.

22. The September 11, 2017 Order does not restrain or prevent Mr. Deol from satisfying his monetary obligations in a bankruptcy reorganization.

23. The September 11, 2017 Order requires and undertaking as a condition for granting the injunction. The amount of the bond was fixed at $50,000.00 as a reasonable estimate of the defense costs incurred by defendant in opposing the complaint. See Exhibit E

24. The September 11, 2017 Order is not enforceable unless and until a bond has been posted.

25. Plaintiff herein is informed and believes that Neither Econergy, Goel, or GFV has posted a bond related to the September 11, 2017 order.

26. The Further Partial Final Award dated April 30, 2018 is the first time the arbitration awards were made subject to proceedings under Civil Procedures 1285. See Further Partial Final Award at p. 66 (Exhibit F at page 66)

27. Determination of Econergy's liability on the note was not confirmed prior to the filing of Deol's bankruptcy on June 20, 2018.

28. Determination of Deol's liability as guarantor of Econergy's debt to Goel was not confirmed by superior court prior to June 20, 2018.

29. Plaintiffs alleges that the transfer of the Ludhiana property was not complete prior to Deol's bankruptcy filing on June 20, 2018.

30. On October 31, 2018 the U.S. Bankruptcy Court entered an order modifying the automatic stay to authorize Prabhaker Goel and Goel Family Partnership LP to conclude the arbitration, to permit the arbitrator to issue awards regarding attorneys' fees and costs, and to issue a final arbitration award and to allow movant to obtain confirmation of that final award under applicable law.   See Exhibit M

31. The October 31, 2018 Order did not authorize "enforcement of the arbitration final award or any judgment based on the arbitration final award against the Debtor, the Chapter 13 Trustee, or Property of the bankruptcy estate.  See Exhibit F at page 66.

32. On January 10, 2019 an Order To Confirm Final Arbitration Award was issued by Superior Court Judge Theodore C. Zayner - (See Exhibit G)

33. The January 10, 2019 Order confirmed that $352,308.59 is the "amount awarded against Deol to Goel for the Deol's guarantee on the defaulted loan (Exhibit H - Final Award, Section IIB)

34. Goel has attempted to enforce the monetary award against Deol and in favor of Goel on Deol's guarantee on the defaulted loan by including language requiring Deol to transfer his interest in Econergy, Inc and his interest in the Ludhiana land.  See Exhibit G Order at p. 2 paragraph 2 and page 3 paragraphs A and B.  See also Exhibit M.

35. Jaspal Deol has filed an appeal of the Order To Confirm Final Arbitration Award.  Such appeal remains pending with the California Court of Appeals.

36. Through the appeal, Deol alleges, among other things, that arbitrator exceeded authority in ordering transfer of all stock and Ludhiana property Valued at $634,000.00 and $342,000.00 respectively, to satisfy a $352,308.59 obligation.

37. Plaintiff alleges that the transfer of the Ludhiana property is not necessary for the satisfaction of Deol's obligation under the guarantee.

5

38. Plaintiff alleges that the arbitrator exceeded his authority in ordering the transfer of both Deol's interest in Econergy and the Ludhiana property.

39. The transfer of all or a portion of Deol's 51% interest in econergy is sufficient to satisfy Deol's obligation on the guarantee.

40. After the transfer of deol's 51% interest in Econergy to Goel, Deol will have satisfied his $352,308.59 obligation on the guarantee and have overpaid Goel $282,291.41.

41. On August 28, 2019 claim filed by Prabhaker Goel and Goel Family Ventures I L.P., which claim was assigned claim number 6-1. A true and correct copy of which is filed as Exhibit I.

42. Claim 6-1 assumes "Ludhiana property" and Deol's 51% interest in Econergy are not property of the estate.

43. Claim 6-1 treats Prabhaker Goel and Goel Family Ventures I L. P. as a single entity or a single economic unit.

44. Econergy and Deol jointly and severally owe Goel and GFV $1,439,631.94 for attorney fees and costs.

45. Econergy, a obligor of the joint and several obligation to pay attorney fees to Goel and GFV, has merged with the Goel and GFV, the joint and several oblige with the right to receive payment of attorney fees.

46. The merger of the obligor (Econergy) and the oblige (Goel and GFV) extinguish the obligation to pay the joint and several attorney fees award.

47. Merger of Econergy, Goel and GFV is evidenced by the filing of a single claim on behalf of the combined entity including Goel, GFV, and Econergy. See Exhibit I Claim # 6-1.

48. Throughout the underlying bankruptcy proceedings Goel, GFV, and Econergy have alleged that this is a "two party dispute".

49. The two parties referred to by Goel, GFV, and Econergy, when alleging this case to be a two party dispute are on one hand Jaspal Deol, and on the other hand Goel, GFV, and

Econergy.

50. Extinguishment of the joint and several liability to pay attorney fees and costs is necessary to prevent further and continuing litigation between the parties relating to liability on the confirmed arbitration award.

51. Without extinguishment of the liability the parties will continue to litigate liability and seek indemnification from the other party related to the joint and several obligation. In order to prevent continued litigation, upon complete acquisition of Econergy, a joint and several obligor, by Creditors Goel and GFV,

52. Upon the transfer of Deol's 51% interest in Econergy to Goel, Goel, GFV and Econergy become one economic unit.

53. On September 30, 2019 Prabhaker Goel filed a second or amended claim which was assigned claim number 6-2. Such claim was filed in the amount of $1,218,658.36. Such claim is filed as Exhibit K.

54. Goel's claim 6-2 does not address Mr. Deol's secured obligation to Goel based upon Deol's guarantee of Goel's loan to Econergy.

55. If Deol's Econergy stock and/or the Ludhiana Property are property of the estate, Goel will hold a $352,308.59 secured obligation to Goel

56. On September 30, 2019 Goel Family Ventures I, L.P. filed a second or amended claim which was assigned claim number 6-3. Such claim was filed in the amount of $1,731,130.85. See Exhibit J.

57. On September 30, 2019 Econergy, Inc filed a claim in the amount of $75,943.51.

58. Deol's obligation to Econergy was established in the arbitration proceedings.

59. Pursuant to the Order Confirming Arbitration Award (Exhibit G) the amount owed by Deol to Econergy is only $7,473.00.

60. Pursuant to the Order Confirming Arbitration Award (Exhibit G) Econergy was awarded no attorney fees against Deol.

61. Pursuant to the Doctrine of Merger by Judgment, Econergy is estopped from asserting any claim for attorney fees as it was not awarded attorney fees in the arbitration proceedings or the proceedings to confirm the arbitration award. See Exhibits G, E, and D.

62. Arbitrator determined amount owed by Deol to GFV is $353,308.59. See Exhibit G.

63. Arbitration award was not subject to enforcement proceedings under Code of Civil Procedures 1285 until April 30, 2018. See Exhibit F, pag 66 paragraph k.

64. The automatic stay was modified by order of the Court dated October 31, 2018. See Exhibit M

65. The order modifying the automatic stay did not authorize enforcement of the arbitration final award or any judgment based on the arbitration final award against the Debtor, the chapter 13 Trustee, or property of the bankruptcy estate. See Exhibit M

WHEREFORE, Debtor requests that the Court:

    1. Determine that the Ludhiana property is property of Deol's bankruptcy estate, and

    2. Determine that all or part of Deol's Econergy stock is property of the estate, and

    3. Determine that Goel holds a secured claim in the amount of $352,308.59 which claim is secured by the Deol's interest in Econergy Stock valued at $634,600.00 and the Ludhiana property valued at 342,000.00, and

    4. Determine whether the $352,308.59 secured claim of Goel has been or must be satisfied through the transfer of all or part of Deol's 51% interest in Econergy or by cash payment, and

    5. Determine that the transfer of the Ludhiana property is not necessary to satisfy Deol's monetary obligation on his guarantee of Econergy's defaulted loan.

    6 Determine that Econergy holds an unsecured claims totaling $7,472.00, as per the Order To Confirm Final Arbitration Award bearing Case No 17-CV-314877.

    7. Determine that Econergy was not awarded attorney fees against Deol in the Order To

Confirm Final Arbitration Award.

8. Determine that Econergy is estopped from asserting a claim for attorney fees against Jaspal Deol as alleged in its Claim filed as Exhibit L, by the Doctrine of Merger by Judgment

9. Determine that the amount awarded to Deol against Econergy is $163,357.05 for rent due through October 2017.

10. Determine that after setoff of the $7,473.00 Deol owes Econergy, the net amount Econergy owes Deol for rent through October 2017 is $155,884.05.

11. Determine that upon satisfaction of his guarantee obligation Econergy will owe deol $352,308.59.

12. Determine that upon satisfaction of Deol's guarantee obligation through the transfer of all of Deol's interest in Econergy , Goel will owe Deol $282,291.41 for the excess value of the stock over the $352,308.59 Deol owes under the guarantee.

13. Determine that upon the transfer of all of Deol's stock in Econergy to Goel, the joint and several obligation of Deol and Econergy to pay $985,788.72 for attorneys' fees and $232,869.66 for costs are deemed extinguished through the Doctrine of Merger by Judgment. and

14. Determination that extinguishment, through the doctrine of merger by judgment, of the joint and several obligation to pay attorney fees and costs upon the transfer of all of Deol's stock in Econergy to Goel is necessary to prevent continuing litigation by and between the parties related to indemnification and liability for such fees and costs between the parties. and

15. Determine that the debt remaining to GFV is $438,425.54 plus $74,046.93, before any setoffs or assignments of rights or receivables.

16. Determine that if the Ludhiana property is property of the estate, the Chapter 11 estate has a receivable for rent due pursuant to the lease agreement entered into between Jaspal deol and Econergy.

17. Determine that upon satisfaction of Deol's obligation under the guarantee Econergy will owe Deol the amount Deol satisfied under the Guarantee.

18. Determine whether this Court should stay these proceedings to the extent determinations to be made herein are dependent upon the outcome of the currently pending appeal, and

19. Award attorney fees and costs to the prevailing party with respect to the objections to claims, and.

20. Award such other relief as is just and appropriate.

                                  Respectfully submitted,

                                  Wolff & Wolff

                                  By:

                                  Mark A. Wolff

                                  Attorney for Jaspal Deol, DIP